**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| SHERRIE MARIE TIMMONS, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:08-CV-108-CDL-GMF |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

### ISSUES

I.   **Whether the Appeals Council erred by denying review of new evidence presented by Claimant.**

II.  **Whether the ALJ properly evaluated Claimant's subjective complaints.**

III. **Whether the ALJ erred by disregarding the VE's testimony that, based on Claimant's statements, she would not be able to work?**

**Administrative Proceedings**

Claimant filed for disability benefits on or about October 6, 2005. (T-15). Claimant's application was denied initially and on reconsideration. (T-29-33, 38-42). Claimant then filed a request for a hearing before an ALJ, which was held on October 3, 2007, in Athens, Georgia. (T-50-55, 60, 249-72). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated January 25, 2008. (T-15-26). Thereafter, the Appeals Council denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner. (T-4-7).

**Statement of Facts and Evidence**

Claimant alleges a disability beginning September 30, 2005. (T-15). After examining the medical records, the ALJ determined that Claimant suffers anxiety with intermittent panic attacks and depressive disorder, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T-17). After a thorough review of the record, the ALJ found that Claimant has a residual functional capacity (RFC) allowing her to perform a full range of work at all exertional levels with certain nonexertional limitations. (T-18). Because he found that Claimant could return to her past relevant work as a fast food worker, cashier, and certified nursing assistant, the ALJ made a finding of "not disabled." (T-25).

## DISCUSSION

**I.   Did the Appeals Council err by denying review of new evidence presented by Claimant?**

In Claimant's first enumeration of error, she contends that the Appeals Council erred by denying review of a Mental Impairment Questionnaire completed by Porter Mangum, Ph.D., on June 12, 2008. (R-9, p. 11-15). Claimant argues that this Court should now remand the case for consideration of the new evidence. *Id*.

The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id*. In the case at bar, the Appeals Council reviewed the new evidence but determined that it would not alter the final decision of the ALJ. (T-4-5).

While new evidence submitted to the Appeals Council is part of the record on appeal, when the Appeals Council has denied review, the court can only look to the evidence actually presented to the ALJ in determining whether his decision is supported by substantial evidence. *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). However, the Eleventh Circuit has held that new evidence submitted to the Appeals Council can be considered when evaluating whether a case should be remanded under sentence six of 42 U.S.C. 405(g), provided the claimant establishes that (1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would

change the administrative result, and (3) good cause exists for the failure to submit the evidence at the appropriate administrative level. *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986); *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985).

Here, Claimant seeks to introduce new evidence in the form of a medical opinion of June 12, 2008, from Dr. Mangum, a treating psychologist. (R-9, p. 12-13). Claimant contends that the evidence is material in that it is the only opinion from a mental health professional in this case and provides an assessment of functional limitations that render Claimant unable to work. *Id.* Claimant argues that the opinion of Dr. Mangum establishes that she meets Listing 12.04, affective disorders. (R-9, p. 14-15).

While determining that Claimant did not carry her burden of proving that her impairments met or medically equaled a Listing, the ALJ extensively reviewed the record in this case and acknowledged, via Claimant's RFC, moderate limitations in her ability to maintain attention and concentration for extended periods, to interact appropriately with the general public, to accept instructions and respond appropriately to criticism from supervisors, and to respond appropriately to changes in the work setting. (T-18-25). The RFC also included nonexertional limitations associated with Claimant's anxiety. *Id.*

As stated above, new evidence is material if there is a reasonable probability that it would change the administrative result. Claimant places great weight on the fact that Dr. Mangum's opinion is the only opinion from a treating psychologist. It is true that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). Under the

regulations, the weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon the following factors: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. §416.927(d). On his Mental Impairment Questionnaire, Dr. Mangum states that he has seen Claimant "on a weekly basis since," but fails to complete the sentence. (T-241). Thus, it is impossible to determine, based on at least some of the 20 C.F.R. §416.927(d) factors, the extent of Dr. Mangum's treating relationship with Claimant. Moreover, the record contains no treatment notes or tests results of Dr. Mangum, as specified by the form. (T-241). These deficiencies cast doubt on the weight the ALJ would have assigned to the dire picture of Claimant set forth by Dr. Mangum's report.

For all of these reasons, it is found that the new evidence is not material in that there is not a reasonable probability it would have changed the ALJ's decision in this case. Given Claimant's existing RFC, combined with the limited weight of Dr. Mangum's report, it is not reasonable to conclude that the ALJ would have further limited Claimant. Accordingly, the ALJ's opinion is supported by substantial evidence, and no remand is necessary.

## II.     Did the ALJ properly evaluate Claimant's subjective complaints?

Claimant argues that the ALJ erred by failing completely to address Claimant's statements and testimony regarding her symptoms and functional limitations. (R-9, p. 15-17). 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Moreover, the mere existence of impairments does not establish disability; instead, the ALJ must determine how a claimant's impairments limit her ability to work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

Regarding credibility, Social Security Regulation 96-7p reads:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the

ALJ considered the claimant's medical condition as a whole. *Id*. (quotations and citations omitted).

Here, the ALJ observed that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (T-25). The ALJ's Findings extensively cite medical records from Claimant's physicians and also reference letters from Claimant and her family members providing anecdotal evidence of Claimant's alleged impairments. (T-18-25). The ALJ further analyzes inconsistencies in Claimant's testimony, including those regarding her medication side effects. (T-23). The ALJ's extensive citation to Claimant's medical records and specific reference to the requirements of 20 C.F.R. § 416.929 and SSR 96-7p shows that the ALJ sufficiently considered Claimant's medical condition as a whole. Substantial evidence supports his credibility determination. Instead, Claimant has failed to carry her burden of proving that her limitations affect her ability to work beyond the extent provided in her RFC.

**III.   Did the ALJ err by disregarding the VE's testimony that, based on Claimant's statements, she would not be able to work?**

Since the ALJ discredited Claimant's subjective complaints, Claimant argues that he also erred by disregarding the portion of the VE's opinion that Claimant could not work if all her subjective complaints were taken as true. (R-9, p. 17-18). It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions

or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity. *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977). However, "the ALJ is not required to pose a hypothetical question assuming limitations that the ALJ does not find credible." *Sanabria v. Comm'r of Social Sec.*, 2008 WL 5264669, at *5 (11th Cir. 2008) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir.2004)). In this case, it is found that the ALJ included all limitations he properly found credible in the hypothetical posed to the vocational expert. Accordingly, no error is found.

## CONCLUSION

Based on the evidence presented, no basis is found for Claimant's contention that the ALJ committed error. The record fails to reveal any evidence that the ALJ acted outside of his judicial role in determining the extent of Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 8th day of April, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml